NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RICHARD CARTER, | |
| Plaintiff, | Civil No. 20-15573 (RBK/SAK) |
| v. | **OPINION** |
| PSEG SERVICES CORPORATION, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 29.) For the reasons stated herein, the motion is **GRANTED IN PART AND DENIED IN PART**.

**I.   BACKGROUND**

This case arises out of an employment discrimination dispute. Plaintiff is Richard Carter, a former employee of Defendant Public Service Electric and Gas Company ("PSEG"). (Doc. 9, "Compl." ¶7.) Plaintiff is African American and alleges that during his time as an employee at PSEG he was subject to racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Plaintiff's Complaint alleges ongoing harassment that he suffered while an employee of PSEG. (Compl. ¶¶29–42.) The harassment began when Plaintiff reported an incident at the Audubon, New Jersey depot of PSEG. Plaintiff pleads that the depot's employee locker room contained "offensive posters, caricatures, [and] postings" that "were demeaning to all African-American persons who stepped into the locker room and observed them." (Compl. ¶¶13, 14, 15.)

1

Plaintiff asserts that he was "offended by" the images in the employee locker room because they "belittled his race." (Compl. ¶17.) Plaintiff complained to PSEG's Human Resources Department. (Compl. ¶22.) However, before Human Resources could inspect the locker room, PSEG employees "removed the offensive material." (Compl. ¶25.) Plaintiff contends that after this report, "Plaintiff's supervisors and co-employees began to, then continued to, engage in a constant pattern of behavior" that included "speaking in a racially insensitive way" and "directing racially understood slurs and epithets towards Plaintiff." (Compl. ¶28.) Plaintiff pleads that he was later transferred from his job as a utility mechanic to a janitorial position, and that the "job of custodian was less prestigious than the job of a utility mechanic." (Compl. ¶¶43–44.) On September 20, 2013, Plaintiff was suspended from his job without pay following a "workplace altercation with a co-employee in which Plaintiff caused a co-employee to be knocked off a vehicle." (Compl. ¶¶60, 63.)

Following the aforementioned incidents, Plaintiff contacted the EEOC on July 24, 2013. (Compl. ¶72.) He also filed a "Verified Complaint" for discrimination against PSEG with the New Jersey Division of Civil Rights on October 10, 2013. (Compl. ¶75.) The NJDCR interviewed Plaintiff the same day. As part of this process, Plaintiff filled out a Humiliation Interview Questionnaire. (Compl ¶106.) The NJDCR interviewed Plaintiff, and on the interview form checked boxes for "differential treatment," "race," and "handicap." (Doc. 11-2, "Ex. A.") The NJDCR did not check the boxes for harassment and retaliation. (Ex. A.) In his NJDCR Complaint, Plaintiff asserted that his supervisor (1) issued him a written warning for being late; (2) issued a written warning for failing to follow directions; (3) placed him on probation; (4) mandated he take a drug test; and (5) mandated that he be medically examined. (Ex. B.) Plaintiff alleged that

Caucasian co-workers engaged in similar conduct, yet PSEG did not subject them to discipline. (Ex. B.)

The NJDCR investigated and issued a decision dated December 30, 2019. In this decision, the NJDCR concluded that the "investigation did not find sufficient evidence to support a reasonable suspicion that [PSEG] discriminated against Complainant based on his race or disability[.]" (Ex. C.) On August 7, 2020, the EEOC issued a Right to Sue Notice. (Doc. 11-2, "Ex. D.") The Notice indicated that the EEOC had "adopted the findings of the state of local fair employment practices agency that investigated th[e] charge." (Ex. D.)

Following the EEOC's issuance of the Right to Sue Notice, Plaintiff filed the present action. On February 12, 2021, Plaintiff filed an Amended Complaint, which pleads the following causes of action: (I) Title VII claim for hostile work environment; (II) Title VII claim for racial discrimination; (III) Title VII claim for retaliation for opposition to discrimination prior to the EEOC charge; and (IV) Title VII claim for retaliation for opposition to discrimination post-EEOC charge.  PSEG moved to dismiss Plaintiff's claims for hostile work environment and retaliation because "Plaintiff did not exhaust his administrative remedies with respect to those counts[.]" (Doc. 29, "Mot." at 5.) Plaintiff opposed (Doc. 15, "Opp. to Mot."), and PSEG replied (Doc. 16, "Reply").

## II.     LEGAL STANDARD

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to

dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III. DISCUSSION

PSEG argues that Plaintiff's Title VII hostile work environment and retaliation claims (Count I, Count III, and Count IV) should be dismissed because Plaintiff did not exhaust his administrative remedies. (Mot. at 6.) In essence, PSEG argues that Plaintiff never included in his NJDCR Complaint any of the facts related to the hostile work environment claims and retaliation claims dating back to 2011. (Mot. at 6.) Therefore, PSEG argues that Plaintiff has failed to exhaust his administrative remedies, and the Court should dismiss these counts with prejudice. (Mot. at 7.)

The Third Circuit is clear and requires a plaintiff to exhaust administrative remedies in a Title VII action. Thus, a plaintiff seeking relief under Title VII must first file an EEOC Charge. 29 U.S.C. § 626(d)(1)(B); *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 382 (3d Cir. 2007). In addition, a plaintiff who later brings a claim under Title VII is limited to asserting claims within the scope of this EEOC Charge. *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). The Third Circuit held that a plaintiff who later sues is limited to claims that "can reasonably be expected to grow out of the initial charge of discrimination." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 298–99 (3d

4

Cir. 1976). While a plaintiff is not limited to claims "checked off in the box section on the front page of the Charge," a plaintiff cannot "greatly expand an investigation simply by alleging new and different facts when [he is] contacted by the Commission following [his] charge." *Barzanty v. Verizon Pa., Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (quoting *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 967 (3d Cir. 1978).

PSEG argues that "Counts I, III[,] and IV are not within the scope of Plaintiff's NJDCR Complaint and could not reasonably be expected to grow out of the NJDCR Complaint[.]" (Mot. at 13.) PSEG asserts that Plaintiff "never alleged in his NJDCR Complaint that he was subject to a hostile work environment, made any internal complaints[,] or otherwise engaged in any protected activity." (Mot. at 13.) Rather, Plaintiff's complaints were based on "only five discrete acts of alleged different treatment by his supervisor." (Mot. at 17.) Therefore, PSEG avers that Plaintiff did not exhaust his administrative remedies on these Counts.

The Court agrees with PSEG in part and disagrees in part with PSEG. Although Plaintiff may not have included the exact same allegations in his NJDCR Complaint, the standard set forth by the Third Circuit is not so limiting. Rather, Plaintiff is permitted to bring claims "which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the EEOC." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). This inquiry is fact-specific and is decided on a case-by-case basis. A new claim is usually said to reasonably grow out of an EEOC Complaint when: (1) the claim arose during the pendency of the EEOC investigation, (2) the claim was closely related to conduct alleged in the charge (such as a claim of retaliation for filing the charge), or (3) the claim contained allegations that further explained the claims in the EEOC charge. *Sandom v. Travelers Mortg. Services, Inc.*, 752 F. Supp. 1240, 1246–47 (D.N.J. 1990); *see e.g., Molthan v.*

*Temple Univ.,* 778 F.2d 955, 960 (3d Cir. 1985) (finding that new claim that the defendant retaliated against plaintiff for filing an EEOC Complaint was within the scope of the original EEOC Complaint); *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208 (3d Cir. 1984) (finding that claim, in civil suit, that plaintiff was discriminated against because of her involvement with a "Black Caucus" explained the original EEOC charge which alleged racial discrimination in job promotion).

Here, the Court finds that the allegations contained in Count I and Count IV could reasonably be found to grow out of the allegations contained in Plaintiff's NJDCR Complaint. As to Count I, Plaintiff alleges that PSEG's actions "formed a continuous pattern of hostile work environment on account of race." (Compl. ¶119.) Plaintiff's NJDCR Complaint detailed a portion of that conduct. (Ex. A.) Although the Complaint did not include the specifics from the incident at the Audubon, New Jersey depot, Plaintiff's Complaint did include information regarding Plaintiff's prior reports of racial harassment. This could be construed to refer to the incident at the Audubon, New Jersey depot. Moreover, the allegations related to this incident are just one portion of Plaintiff's basis for pleading a hostile work environment claim in his Complaint, and nothing in the Complaint precludes Plaintiff from recovering for the discrete acts of harassment if he can prove that those amounted to a hostile work environment. Accordingly, the Court finds that the hostile work environment claim could reasonably be found to grow out of the allegations contained in the NJDCR Complaint.

Similarly, as to Count IV, the post-EEOC/NJDCR retaliation count, the Court finds that these claims could reasonably be found to grow out of the allegations contained in the NJDCR Complaint. As to this Count, Plaintiff alleges that "Defendant took adverse employment actions against Plaintiff post-EEOC charge[.]" (Compl. ¶134.) This was "retaliation for opposition to

discrimination on account of race[.]" (Compl. ¶135.) Therefore, the Count is closely related to conduct alleged in the NJDCR Complaint because Plaintiff pleads that he was retaliated against for filing that Complaint. *See e.g., Molthan.,* 778 F.2d at 959–60. Accordingly, the Court finds that the post-EEOC/NJDCR retaliation count could also reasonably be found to grow out of the allegations contained in the NJDCR Complaint. Because Count I and Count IV arise from the EEOC/NJDCR Complaint, Plaintiff has exhausted his administrative remedies. Therefore, the Motion to Dismiss is **DENIED** as to these claims.

However, as to Count III, the Court finds that this retaliation claim is different than the kind of retaliation claims that courts typically find to have "reasonably grown out of" an EEOC Complaint. *See e.g., Molthan.,* 778 F.2d at 959–60; *Waiters,* 729 F.2d at 237–38. In most circumstances, the plaintiff in the district court argues that the defendant took an adverse employment action against the plaintiff in retaliation for the plaintiff's decision to file the underlying EEOC Complaint. In other words, the adverse action not only occurs after the plaintiff files an EEOC Complaint, but the motivation for taking that action is to retaliate against the plaintiff for filing the EEOC charge. *See e.g., Molthan.,* 778 F.2d at 959–60; *Waiters,* 729 F.2d at 237–38. Here, the alleged retaliatory discharge occurred before Plaintiff filed his Complaint, and thus, was not retaliation against Plaintiff for filing an NJDCR Complaint. *See Waiters,* 729 F.2d at 237 (recognizing that the retaliation claim at issue related to *new* acts that occurred after the filing of the EEOC Complaint). Therefore, Plaintiff's current retaliation claim is distinguishable from the kinds of retaliation claims that courts will typically consider in circumstances where the plaintiff did not raise retaliation as part of the EEOC Complaint. As such, the Court finds that Plaintiff has not properly exhausted his administrative remedies with respect to his "pre-

EEOC/NJDCR Complaint" retaliation claim. Therefore, the Court will **GRANT** PSEG's Motion to Dismiss Count III.

IV.     **CONCLUSION**

For the reasons contained herein, the Motion to Dismiss (Doc. 29) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent it seeks dismissal of Count III. The Motion is **DENIED** to the extent it seeks dismissal of Counts I and IV. An accompanying Order shall issue.

Dated: 7/29/2021                                                              /s/ Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge